IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, *et al.*,[1] | Case No. 17-10570 (BLS) |
| Debtors. | (Jointly Administered) |
| JAMES PATRICK CARROLL, as Plan Administrator for the Post-Effective Date Debtors, | |
| Plaintiff, | |
| – against – | Adv. Pro. No. 19-_____ (BLS) |
| HC1.COM INC., | |
| Defendant. | |

**COMPLAINT TO: (I) AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550;
AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

James Patrick Carroll, solely in his capacity as the plan administrator (the "**Plan Administrator**") for the above-captioned Post-Effective Date Debtors,[2] the plaintiff herein (the "**Plaintiff**"), alleges that:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the Preference Transfers were made, all preferential transfers

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Unless otherwise stated, capitalized terms used herein are defined elsewhere in this complaint.

of property that occurred during the ninety (90) day period prior to the Petition Date. Alternatively, and subject to proof, Plaintiff seeks to recover all 90-Day Fraudulent Conveyances made to Defendant pursuant to section 548 of the Bankruptcy Code.

2. To the extent that the Defendant filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated and not contingent, or otherwise requested payment from the Debtors or the Debtors' chapter 11 estates, this complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason, including pursuant to section 502 of the Bankruptcy Code, and such rights are expressly reserved.

3. Notwithstanding this reservation of rights, certain relief pursuant to section 502 of the Bankruptcy Code is sought by Plaintiff herein as further stated below.

## **JURISDICTION AND VENUE**

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary proceeding is brought pursuant to Rule 7001, *et seq*. of the Federal Rules of Bankruptcy Procedure and sections 502(d), 547, 548 and 550 of title 11 of United States Code, 11 U.S.C. § 101, *et seq*. (the "**Bankruptcy Code**"). Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under the Bankruptcy Code which is pending in this District.

7.  This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

## BACKGROUND

**A.  The Parties**

8.  On March 15, 2017 (the "**Petition Date**"), Bostwick Laboratories, Inc. and Bostwick Laboratories Holdings, Inc. (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

9.  On July 11, 2017, the Debtors filed their Combined Plan and Disclosure Statement for Bostwick Laboratories, Inc. and Bostwick Laboratories Holdings, Inc. [Docket No. 383] (as amended from time to time, the "**Plan**").

10.  On September 15, 2017, the Court entered the Findings of Facts, Conclusions of Law, and Order Confirming Debtors' Combined Plan and Disclosure Statement for Bostwick Laboratories, Inc. and Bostwick Laboratories Holdings, Inc. [Docket No. 547] (the "**Confirmation Order**"), thereby approving the Plan.

11.  On October 2, 2017, the Plan became effective [Docket No. 560] (the "**Effective Date**").

12.  Pursuant to Article X.A of the Plan, on the Effective Date, James Patrick Carroll of Carroll Services, LLC was appointed Plan Administrator (as defined in the Plan) and was authorized to serve as sole representative of the Post-Effective Date Debtors[3] with authority

---

[3]  Pursuant to Article I.B of the Plan, "**Post-Effective Date Debtors**" is defined as the Debtors on and after the Effective Date.

to pursue the Causes of Action (as defined in the Plan), including the causes of action asserted herein.

13. Upon information and belief, hc1.com Inc. (the "**Defendant**") was a creditor of the Debtors prior to the Petition Date.

14. Plaintiff retains the right to enforce, sue on, settle or compromise all Causes of Action, including claims under sections 502(d), 547, 548 and 550 of the Bankruptcy Code.

**B.    Events Leading to the Debtors' Chapter 11 Filing**

15. The Debtors were an independent, full-service anatomic pathology laboratory and specialty provider of diagnostic testing services for urologists and gynecologists in the United States. The Debtors also served as a reference laboratory offering a suite of anatomic pathology and molecular testing services to independent physicians nationally.

16. The Debtors derived much of their revenue from key commercial and government contracts, where its services were considered "in network" under national commercial health insurance plans, Medicare and over twenty-five (25) state Medicaid programs.

17. Beginning in 2013, the Debtors experienced a material reduction in revenue due to unexpected and severe cuts to the Medicare physician fee schedule.

18. As a consequence, reimbursement for certain procedures was reduced by as much as 52%, and the Debtors' revenue fell by 20% from 2012 to 2013.

19. Despite efforts to reduce staff, eliminate costs, streamline operations and sell non-core assets, all to counteract the reduction in revenue, the Debtors were unable to remain profitable.

20. Starting in August 2016, the Debtors commenced a marketing process aimed at identifying potential strategic buyers of the business. Through this process, the Debtors determined that an asset sale under Section 363 of the Bankruptcy Code would potentially maximize value.

21. The Debtors also determined that, given their liquidity needs, a successful section 363 sale process would require debtor-in-possession financing.

22. A special transactions committee of the Debtors' board of directors ultimately determined that Poplar Healthcare's bid was superior. The Debtors negotiated a "stalking horse" asset purchase agreement and debtor-in-possession financing with Poplar Healthcare in March 2017.

23. The Debtors filed chapter 11 petitions on March 15, 2017. As of the Petition Date, the Debtors' revenue was approximately one-third of the level generated in 2012.

24. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers of an interest of the Debtors in property made to Defendant that may be recoverable under sections 547 or 548 of the Bankruptcy Code, including any transfers of an interest of the Debtors in property made to Defendant during the ninety (90) days preceding the Petition Date.

25. It is Plaintiff's intention to avoid and recover all such transfers made by the Debtors.

26. Plaintiff reserves the right to amend this original complaint to include: (i) further information regarding the Preference Transfer(s); (ii) additional transfers; (iii) modifications of and/or revision to Defendant's name; (iv) additional Defendants; and/or (v) additional causes of action (collectively, the "**Amendments**"), that may become known to

Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original complaint.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

27. Plaintiff repeats, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint as though set forth at length herein.

28. On or within the ninety (90) days preceding the Petition Date, the Debtors made, or caused to be made, one or more transfers to or for the benefit of Defendant, which transfers are listed on Exhibit A attached hereto and incorporated herein by reference (the "**Preference Transfers**").

29. The Preference Transfers were of a property interest of the Debtors as identified in Exhibit A.

30. Defendant was a creditor at the time of each Preference Transfer by virtue of supplying goods and/or services for which the identified Debtors were obligated to pay following delivery.

31. The Debtors made, or caused to be made, the Preference Transfers for, or on account of, antecedent debt(s) owed by the Debtors before such Preference Transfers were made.

32. Pursuant to section 547(f) of the Bankruptcy Code, the Debtors are presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

33. The Preference Transfers enabled Defendant to receive more than Defendant would receive if: (a) the Debtors' bankruptcy cases were administered under chapter 7

of the Bankruptcy Code; (b) the Preference Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

34. Interest on the Preference Transfers has accrued and continues to accrue from the date each of the Preference Transfers was made.

35. Defendant was the initial transferee of the Preference Transfers, or the entity for whose benefit the Preference Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Preference Transfers.

36. The Preference Transfers, to the extent they are avoided pursuant to section 547(b) of the Bankruptcy Code, may be recovered by Plaintiff pursuant to section 550(a)(1) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION
**(Avoidance and Recovery of 90-Day Fraudulent Transfers)**

37. Plaintiff repeats, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint as though set forth at length herein.

38. Plaintiff pleads in the alternative that to the extent one or more of the transfers identified on <u>Exhibit A</u> were not on account of antecedent debt (such transfers, the "**90-Day Fraudulent Transfers**"), the Debtors did not receive reasonably equivalent value in exchange for such 90-Day Fraudulent Transfers; and

    a. The debtors were insolvent on the dates that the 90-Day Fraudulent Transfers were made or became insolvent as a result of the 90-Day Fraudulent Transfers; or

    b. The Debtors engaged in business or a transaction, or were about to engage in business or a transition, for which any property remaining with the

        Debtors who made or for whose benefit the 90-Day Fraudulent Transfers were made was an unreasonably small capital; or

    c.    The Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

39.    The 90-Day Fraudulent Transfers were made to or for the benefit of Defendant within the two years prior to the Petition Date.

40.    The 90-Day Fraudulent Transfers, to the extent they are avoided pursuant to section 548 of the Bankruptcy Code, may be recovered by Plaintiff pursuant to section 550(a)(1) of the Bankruptcy Code.

### THIRD CAUSE OF ACTION
### (Disallowance of Claims)

41.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint as though set forth at length herein.

42.    Defendant was the recipient of the Preference Transfers and, as applicable, the 90-Day Fraudulent Transfers, which are recoverable pursuant to sections 547, 548 and 550 of the Bankruptcy Code, and Defendant has not returned such transfers to Plaintiff.

43.    Based upon the foregoing and pursuant to section 502(d) of the Bankruptcy Code, the claims, if any, asserted by Defendant against the Debtors (collectively, the "**Claims**") must be disallowed since Defendant has not paid or surrendered such transfers to Plaintiff.

        WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendant:

    a. On Plaintiff's First Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the amount of the Preference Transfers, plus interest from the date of such Preference Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees; and directing Defendant to turnover such sum to Plaintiff pursuant to sections 547(b) and 550(a) of the Bankruptcy Code;

    b. On Plaintiff's Second Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the amount of the 90-Day Fraudulent Transfers, plus interest from the date of such 90-Day Fraudulent Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees; and directing Defendant to turnover such sum to Plaintiff pursuant to sections 548(a)(1)(B) and 550(a) of the Bankruptcy Code;

    c. On Plaintiff's Third Cause of Action, in favor of Plaintiff and against Defendant disallowing the Claims pursuant to section 502(d) of the Bankruptcy Code unless and until Defendant returns the Preference Transfers and the 90-Day Fraudulent Transfers, as applicable, to Plaintiff; and

      d.      Granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
       March 13, 2019

COLE SCHOTZ P.C.

/s/ David R. Hurst
David R. Hurst (I.D. No. 3743)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

*Counsel to the Plan Administrator*

| | |
|---|---|
| Debtors: | Bostwick Laboratories, Inc., et al. |
| Case No.: | 17-10570 (BLS) |
| Preference Period: | 12/15/16 to 3/14/17 |

**EXHIBIT A**

| Payee Name | Invoice Date | Invoice Number | Invoice Amount | Payment Date | Payment Number | Payment Amount |
|---|---|---|---|---|---|---|
| hc1.com, Inc. | 1/28/2016 | INV1983 | $ 8,000.00 | 12/21/2016 | 82445 | $ 8,000.00 |
| | 1/28/2016 | INV1983 | $ 6,800.00 | 1/13/2017 | 82589 | $ 6,800.00 |
| | 8/22/2016 | INV2226 | $ 2,000.00 | 1/27/2017 | 82663 | $ 2,000.00 |
| | 8/23/2016 | INV2227 | $ 2,000.00 | 2/10/2017 | 82757 | $ 2,000.00 |
| | 8/23/2016 | INV2228 | $ 2,000.00 | 2/10/2017 | 82757 | $ 2,000.00 |
| | 9/30/2016 | INV2258 | $ 2,000.00 | 2/10/2017 | 82757 | $ 2,000.00 |
| | | | | | | **$ 22,800.00** |